PER CURIAM.
The Supreme Court Criminal Court Steering Committee (Steering Committee) has filed a report proposing amendments to Florida Rule of Criminal Procedure 3.112. We have jurisdiction. See art. Y, § 2(a), Fla. Const.
On March 13, 2008, in Crist v. Florida Association of Criminal Defense Lawyers, Inc., 978 So.2d 134 (Fla.2008), the Court upheld the “revamped system” of court-appointed counsel for indigent defendants in cases where the public defender has a conflict, as created by chapter 2007-62, Laws of Florida. Under the new system, five Offices of Criminal Conflict and Civil Regional Counsel (OCCCRC) were created to handle representation in criminal cases where the public defender has a conflict. Id. at 137. Rule 3.112, Minimum Standards for Attorneys in Capital Cases, applies to “all lawyers handling capital trials and capital appeals.” On March 18, 2008, the Court directed the Steering Committee to advise on whether rule 3.112 needed to be amended to take into account the appointment of OCCCRC in capital cases. The Steering Committee submitted its report on July 7, 2008, in response to the Court’s referral, with its proposed amendments to rule 3.112.
The amendments to rule 3.112 bring the rule into conformity with its stated objective that all attorneys representing capital defendants meet certain minimum standards of competency. In addition, the amendment to rule 3.112(d) pertaining to lists of qualified conflict counsel for appointment in capital cases was necessitated by the repeal of former section 925.037, Florida Statutes (2004), and the replacement of that statute with section 27.40(3)(a), Florida Statutes (2007). After considering the Committee’s proposal and reviewing the relevant legislation, we adopt the proposed amendments. The amendments shall become effective immediately upon release of this opinion. Because the Court did not publish the amendments for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[1]
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, and CANADY, JJ., concur.
POLSTON, J., did not participate.
*502 APPENDIX
RULE 3.112. MINIMUM STANDARDS FOR ATTORNEYS IN CAPITAL CASES
(a)-(b) [No Change]
(c) Applicability. This rule applies to all lawyer-sdefense counsel handling capital trials and capital appeals, who are appointed or retained on or after July 1, 2002. Subject-to more-specific provisions in the rule, the-standards-established by the rule apply to Public Defenders and their assistants.
(d) List of Qualified Conflict Counsel.
(1) Every circuit shall maintain a list of conflict counsel qualified for appointment in capital cases in each of three categories:
(A) lead trial counsel;
(B) trial co-counsel; and
(C) appellate counsel.
No attorney may be--appointed to handle-a capital-trial or appeai-unless duly- qualified on the appropriate-list.
(2) The conflict-committee chief judge for each circuit is-responsible for — approving and removing-attorneys from the list shall maintain a list of qualified counsel pursuant to section 925;Q3727.40(3)(a), Florida Statutes.- — Each circuit committee ■is encouraged to-obtain additional — input from experienced-capital defense counsel.
(e) Appointment of Counsel. A court must appoint lead counsel and, upon written application and a showing of need by lead counsel, should appoint co-counsel to handle every capital trial in which the defendant is not represented by retained counsel or the Public Defender. Lead counsel shall have the right to select co-counsel from attorneys on the lead counsel or co-counsel list. Both attorneys shall be reasonably compensated for the trial and sentencing phase. Except under extraordinary circumstances, only one attorney may be compensated for other proceedings. In capital cases in which the Public Defender or Criminal Conflict Regional Counsel is appointed, the Public Defender or Criminal Conflict Regional Counsel shall designate lead and co-counsel.
(f) Lead Counsel. Lead trial counsel assignments should be given to attorneys who:
(l)-(6) [No Change]
(7) have attended within the last two years a continuing legal education program of at least twelve hours’ duration devoted specifically to the defense of capital cases. Attorneys who do not meet-the continuing legal education requirement-on July 1, 2002, shall have until ■ March — 1, 2003, in which — to-satisfy the continuing legal education requirement;
(g) Co-counsel. Trial co-counsel assignments should be given to attorneys who:
(1) [No Change]
(2) qualify as lead counsel under paragraph (f) of these standards or meet the following requirements:
(A)-(D) [No Change]
(E) have attended within the last two years a continuing legal education program of at least twelve hours’ duration devoted specifically to the defense of capital cases. Attorneys who do not meet-the continuing legal education requirement-on July 1 — 2002, shall have until March — 1, 2003 — in-which to-satisfy the requirement.
(h) Appellate Counsel. Appellate counsel assignments should be given to attorneys who:
(l)-(5) [No Change]
(6) have attended within the last two years a continuing legal education program of at least twelve hours’ duration devoted specifically to the defense of capital cases. Attorneys who do not meet-the *503 continuing legal education- requirement on July 1, 2002, shall have until- March •• 1, 2003, in which to satisfy the requirement.
(i) Notice of Appearance. An attorney who is retained or appointed in place of the Public Defender or Criminal Conflict Regional Counsel to represent a defendant in a capital case shall immediately file a notice of appearance certifying that he or she meets the qualifications of this rule. If the office of the Public Defender or Criminal Conflict Regional Counsel is appointed to represent the defendant, the pPublie dDefender or Criminal Conflict Regional Counsel shall certify that the assistants assigned as lead and co-counsel meet the requirements of this rule. A notice of appearance filed under this rule shall be served on the defendant.
(j) Limitation on Caseloads.
(1) Generally. [No Change]
(2) Public Defender. If a Public Defender or Criminal Conflict Regional Counsel seeks to refuse appointment to a new capital case based on a claim of excessive caseload, the matter should be referred to the Chief Judge of the circuit or to the administrative judge as so designated by the Chief Judge. The Chief Judge or his or her designate should coordinate with the Public Defender or Criminal Conflict Regional Counsel to assess the number of attorneys involved in capital cases, evaluate the availability of prospective attorneys, and resolve any representation issues.
(k) Exceptional Circumstances. [No Change]
Committee Comments
[No Change]

. An original and nine paper copies of all comments must be filed with the Court on or before December 8, 2008, with a certificate of service verifying that a copy has been served on the Committee Chair, c/o Les Garringer, Office of the General Counsel, 500 S. Duval Street, Tallahassee, Florida 32399-1925, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until December 29, 2008, to file a response to any comments filed with the Court by interested persons. Electronic copies of all comments must also be filed in accordance with the Court’s administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004) (on file with Clerk, Fla.Sup.Ct.).