PER CURIAM.
 

 Pursuant to a request by this Court, the Supreme Court Criminal Steering Committee (Steering Committee) filed a report proposing amendments to Florida Rule of Criminal Procedure 3.112.
 
 [1]
 
 On October 8, 2008, we amended Florida Rule of Criminal Procedure 8.112 to bring it into conformity with the stated objective that all attorneys representing capital defendants meet certain minimum standards of competency.
 
 In re Amendments to Fla. Rule of Crim. Pro. 3.112
 
 —Minimum
 
 Stds. for Att’ys in Capital Cases,
 
 993 So.2d 501 (Fla.2008). In doing so, we took into account the possible appointment of Criminal Conflict and Civil Regional Counsel in capital cases.
 
 See Crist v. Fla. Ass’n of Crim. Defense Lawyers, Inc.,
 
 978 So.2d 134 (Fla.2008). However, because the rule as amended had not previously been published, we authorized a sixty-day period for interested persons to file comments with the Court and for the Supreme Court Criminal Steering Committee to file any response. That period has now expired.
 

 The Offices of Criminal Conflict and Civil Regional Counsel (OCCCRC) for all districts of Florida filed a comment to amended rule 3.112. The Steering Committee agreed with the requested changes, i.e., correcting OCCCRC’s name and making clear that individual contractors are covered by the rule. We herein adopt the requested changes. New language is indicated by underlining. The rule as set forth in the appendix shall be effective immediately upon the release of this opinion.
 

 It is so ordered.
 

 QUINCE, C.J., and WELLS, PARIENTE, LEWIS, and CANADY, JJ., concur.
 

 POLSTON and LABARGA, JJ., did not participate.
 

 APPENDIX
 

 RULE 3.112. MINIMUM STANDARDS FOR ATTORNEYS IN CAPITAL CASES
 

 (a)-(d) [No Change]
 

 (e) Appointment of Counsel. A court must appoint lead counsel and, upon written application and a showing of need by lead counsel, should appoint co-counsel to handle every capital trial in which the defendant is not represented by retained counsel. Lead counsel shall have the right to select co-counsel from attorneys on the lead counsel or co-counsel list. Both attorneys shall be reasonably compensated for the trial and sentencing phase. Except under extraordinary circumstances, only one attorney may be compensated for other proceedings. In capital cases in which the Public Defender or Criminal Conflict and Civil Regional Counsel is appointed, the Public Defender or Criminal Conflict and Civil Regional Counsel shall designate lead and co-counsel.
 

 (f)-(h) [No Change]
 

 (i) Notice of Appearance. An attorney who is retained or appointed in place of the Public Defender or Criminal Conflict and Civil Regional Counsel to represent a defendant in a capital case shall immediately file a notice of appearance certifying that he or she meets the qualifications of this rule. If the office of the Public Defender or Criminal Conflict and Civil Regional Counsel is appointed to represent the defendant, the Public Defender or Criminal Conflict and Civil Regional Coun
 
 *1177
 
 sel shall certify that the individuals or assistants assigned as lead and co-counsel meet the requirements of this rule. A notice of appearance filed under this rule shall be served on the defendant.
 

 (j) Limitation on Caseloads.
 

 (1) Generally. [No Change]
 

 (2) Public Defender. If a Public Defender or Criminal Conflict and Civil Regional Counsel seeks to refuse appointment to a new capital case based on a claim of excessive caseload, the matter should be referred to the Chief Judge of the circuit or to the administrative judge as so designated by the Chief Judge. The Chief Judge or his or her designate should coordinate with the Public Defender or Criminal Conflict and Civil Regional Counsel to assess the number of attorneys involved in capital cases, evaluate the availability of prospective attorneys, and resolve any representation issues.
 

 (k) Exceptional Circumstances. [No Change]
 

 Committee Comments
 

 [No Change]
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.